

POSTED ON THE WEBSITE

NOT FOR PUBLICATION

FILED
JUL 10 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MELANIE HUGHES,<br><br>    Debtor.<br><br>_____<br><br>CLAYEO C. ARNOLD and CLAYEO ARNOLD, PROFESSIONAL LAW CORPORATION,<br><br>    Plaintiffs,<br><br>v.<br><br>MELANIE HUGHES,<br><br>    Defendant.<br>_____ | Case No. 05-22777-D-7<br><br><br><br><br><br><br><br>Adv. Pro. No. 05-2225-D<br>Docket Control No. HSM-2 |

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.

**MEMORANDUM DECISION**

On May 22, 2007, Defendant Melanie Hughes filed a Motion for Summary Judgment, bearing Docket Control No. HSM-2 (the "Motion").[1] For the reasons set forth below, the court will deny the motion.

/ / /

---

  1. On the same date, Plaintiffs Clayeo C. Arnold and Clayeo Arnold, Professional Law Corporation, filed a Motion for Partial Summary Judgment. That motion is under submission.

## I. INTRODUCTION

On March 14, 2005, Defendant Melanie Hughes (the "Debtor") filed a petition for relief under chapter 7 of the Bankruptcy Code. On June 14, 2005, Clayeo C. Arnold and Clayeo Arnold, Professional Law Corporation ("Plaintiffs"), initiated the above-captioned adversary proceeding. In the first and second causes of action set forth in their Complaint to Determine Dischargeability of Debts and for Denial of Discharge (the "Complaint"), the Plaintiffs contend that the Debtor made certain "false and baseless allegations against Plaintiffs arising out of her employment as a law clerk/secretary during the years 1994 through 1996." See Complaint, General Allegations, ¶ 1. The Debtor is alleged to have made these allegations in the course of a state court action, Rieger v. Arnold, et al., Sacramento County Superior Court Case No. 97AS03390.[2] That action resulted in a $15,000 jury verdict in favor of the Debtor and against Arnold's law corporation on one of the Plaintiff's sexual harassment claims.

However, the trial judge ordered that the Debtor recover nothing from the Plaintiffs, notwithstanding the verdict, and proceeded to consider the motion of Arnold and his law corporation for an award of attorney's fees and costs, pursuant to Cal. Gov't Code § 12965(b). The court found Arnold and the law corporation to be the prevailing parties in the action, and made the following awards: to Arnold, $66,213.50 in attorney's fees and $265 in costs; to the law corporation, $89,302.75 in

---

2. The Debtor previously went by the name Melanie Rieger.

attorney's fees and $19,626.05 in costs. (These awards will be referred to collectively as "the attorney's fee award.") The state court's judgment was appealed, but is now final.

The Plaintiffs allege in the Complaint that as of March 14, 2005, Arnold was owed $100,227.72 on the judgment, and the law corporation, $153,105.13. In their first and second causes of action, the Plaintiffs allege that the Debtor prosecuted the state court action "deliberately and intentionally to cause injury" to the Plaintiffs, and that the attorney's fee award is therefore nondischargeable, pursuant to 11 U.S.C. § 523(a)(6).

In their third and fourth causes of action, the Plaintiffs seek to deny the Debtor's discharge, pursuant to 11 U.S.C. § 727(a)(3) and (a)(2)(A), respectively, on the grounds that the Debtor has failed to keep or preserve books and records from which her financial condition or business transactions might be ascertained, and that she has, with intent to hinder, delay, or defraud creditors, concealed property, within the year preceding the filing of her bankruptcy petition. The facts underlying these two causes of action will be further explored below.

On July 22, 2005, the Debtor filed a motion to dismiss the Complaint for failure to state a claim. The motion was denied, and on September 9, 2005, the Debtor filed an answer to the Complaint.

With the Motion, the Debtor filed a number of exhibits, a memorandum of points and authorities, declarations of Melanie Hughes (the Debtor), Marc Hughes, and Thomas P. Griffin, and as required by Local Bankruptcy Rule 7056-1(a), a separate statement of undisputed facts. In the Motion, the Debtor seeks summary

judgment in her favor on all four of the Plaintiffs' causes of action, but also asks the court to abstain from determining the issues raised by the fourth cause of action.

On June 6, 2007, the Plaintiffs filed opposition to the Motion, together with exhibits, a declaration of Clayeo C. Arnold, and a response to the Debtor's separate statement of undisputed facts. On June 7, 2007, the Plaintiffs filed certain exhibits under seal, pursuant to this court's December 22, 2006 order on a discovery motion brought by the Plaintiffs (DCN No. ARP-1).

On June 13, 2007, the Debtor filed a reply to the Plaintiffs' opposition, together with additional exhibits and another declaration of Melanie Hughes.

On June 20, 2007, the Motion came before the court for hearing, counsel appeared and presented oral argument, and the matter was submitted.

As to the Plaintiffs' first and second causes of action, the Debtor argues generally that the attorney's fee award is dischargeable because it was compensatory in nature, was not tied to a judgment for an intentional tort, and is not binding on this court on the issue of willful or malicious injury on the part of the Debtor.

The Plaintiffs respond that the Debtor's conduct in prosecuting her sexual harassment claims against them was willful and malicious, that such conduct directly caused injury to the Plaintiffs, in the form of the attorney's fees and costs they expended in defending themselves, that the state court judge's written findings in his order on the Plaintiffs' motions for

attorney's fees and costs are preclusive in this court, but that if the state court's remarks are *dicta*, and the order therefore not binding on this court, there remain genuine issues of material fact that preclude summary judgment for the Debtor.

As to the Plaintiffs' third and fourth causes of action, the Debtor argues essentially that the facts support her version of events. She also argues that the issues raised by the fourth cause of action are duplicative of the issues raised in a separate pending state court action, and therefore, that this court should abstain from deciding them.

The Plaintiffs respond, in essence, that the Debtor has not met her burden of producing evidence negating an essential element of the Plaintiffs' claims, or alternatively, of showing that the Plaintiffs do not have sufficient evidence of an essential element to carry their ultimate burden of persuasion at trial.

## II. ANALYSIS

This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J). The Motion was brought pursuant to Federal Rule of Bankruptcy Procedure 7056, which makes applicable Federal Rule of Civil Procedure 56.

Where a motion for summary judgment is before the court, the court is to render judgment for the moving party where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c). The moving party bears the burden of producing evidence showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986).

Once the moving party has met its initial burden, the non-moving party must show specific facts showing the existence of genuine issues of fact for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). Under Rule 56, the court also has authority to make an order specifying those material facts that appear without substantial controversy, and such facts are deemed established for purposes of trial. Fed. R. Civ. P. 56(d).

A. <u>The § 523(a)(6) causes of action</u>

The attorney's fee award was issued pursuant to Cal. Gov't Code § 12965(b), which provides that the court has discretion to award reasonable attorney's fees and costs to the prevailing party in civil actions brought under the California Fair Employment and Housing Act, Part 2.8 of the Government Code, under which the Debtor's sexual harassment claims were brought.

The Debtor argues that 11 U.S.C. § 523(a)(6) applies only to damages flowing from intentional torts, and not to compensatory awards of attorney's fees to prevailing parties under Government Code § 12965(b). This argument succeeds only if the court concludes that a section 12965(b) award can never constitute a form of damages for willful and malicious injury. This the court declines to do.

The Debtor relies heavily on <u>State Bar v. Taggart (In re Taggart)</u>, 249 F.3d 987 (9th Cir. 2001). The court finds <u>Taggart</u>

- 6 -

to be easily distinguished from the present case. In Taggart, the court held that costs awarded to the State Bar of California in attorney disciplinary proceedings, pursuant to Cal. Bus. & Prof. Code § 6086.10, are compensation for actual pecuniary loss, rather than fines, penalties, or forfeitures, and therefore, are not excepted from discharge under 11 U.S.C. § 523(a)(7). 249 F.3d at 994. The court found Cal. Bus. & Prof. Code § 6086.10 to be analogous to Cal. C. Civ. Proc. § 1032(a)(4), (b), which governs cost awards to prevailing parties in civil litigation generally, because the former permits exonerated attorneys to be reimbursed for the costs of defending themselves in the disciplinary proceedings. Id. at 992-93. The analogy was not, however, essential to the court's decision, and the decision otherwise had no bearing on attorney's fees and costs awarded under Gov. C. § 12965(b), and nothing whatever to do with damages for willful and malicious injury under 11 U.S.C. § 523(a)(6).

The court notes also that after Taggart was decided, the California legislature amended Cal. Bus. & Prof. Code § 6086.10 to provide that costs imposed under that section "are penalties," and it has been held that costs imposed under the section as amended are nondischargeable under 11 U.S.C. § 523(a)(7). State Bar of Cal. v. Findley (In re Findley), 2007 Bankr. LEXIS 1509, at 8-10 (Bankr. N.D. Cal. 2007). That holding hardly supports the conclusion that prevailing party cost awards are always dischargeable.

More on point, but not helpful to the Debtor, is the other case she cites, Dutton v. Schwartz, 21 B.R. 1014, (D. Mont. 1982), in which the court held that the entirety of the state

- 7 -

court judgment in that case, including the award of costs and attorney's fees, arose from the willful and malicious injury, and was therefore nondischargeable under 11 U.S.C. § 523(a)(6).  21 B.R. at 1019.

In Klingman v. Levinson, 831 F.2d 1292, 1296-97 (7th Cir. 1987), the court held nondischargeable under 11 U.S.C. § 523(a)(4) an award of attorney's fees agreed to in a state court consent judgment in which the debtor had admitted his breach of a fiduciary duty owed to the creditor.  See also Florida v. Ticor Title Ins. Co., 164 B.R. 636, 639 (9th Cir. BAP 1994) [attorney's fees awarded by state court in action under the RICO statute, 18 U.S.C. § 1961, et seq., held nondischargeable under 11 U.S.C. § 523(a)(6) as being of the same character as the underlying debt]; Stokes v. Vierra, 185 B.R. 341, 345, n. 5 (N.D. Cal. 1995) [if actual damages awarded by state court are nondischargeable under 11 U.S.C. § 523(a)(2) or (4), attorney's fees awarded will also be nondischargeable].

In her reply to the Plaintiffs' opposition, the Debtor acknowledges certain other cases reaching this result, but attempts to distinguish them on the basis that in this case, "there is no underlying state court judgment of tortious conduct to which the award of fees and costs may attach and become nondischargeable."  Reply to Opposition to Motion for Summary Judgment, at 4:18-20.

A similar argument was raised and rejected in In re Sears, 102 B.R. 781 (Bankr. S.D. Cal. 1989).  In that case, the plaintiffs commenced the state court action seeking declaratory relief to the effect that certain agreements with the defendant

were invalid. The trial court found in favor of the plaintiffs, declaring the agreements to be void and awarding costs to the plaintiffs, but awarding no other damages. While the plaintiffs' memorandum of costs was pending, the defendant filed a bankruptcy petition. At issue in the defendant's chapter 7 case was "whether attorney's fees are dischargeable in bankruptcy where the state court has extinguished a contract due to the debtor's fraud, and where the only damages sustained are the attorney's fees incurred in litigating the state court fraud action." See In re Sears, 102 B.R. 781, 783 (Bankr. S.D. Cal. 1989). The debtor's argument was that "since there was no underlying debt in the declaratory relief action, the ancillary debt [for attorney's fees] has nothing to cling to and therefore is dischargeable." See ibid.

The court agreed that the attorney's fees were not ancillary obligations, but "are in the nature of a primary debt," which was "the direct and proximate result of the fraud perpetrated by defendant." 102 B.R. at 784. "As California law has consistently awarded attorney's fees in a rescission action, the attorney's fees incurred are the damages suffered by plaintiffs and constitute the primary or underlying debt." Ibid.

> It is absurd to suggest that had the superior court awarded one dollar to plaintiffs as damages their attorney's fees would be non-dischargeable, but since no dollar award was made the attorney's fees should be dischargeable. Nor would it make sense to require a creditor to wait until a payment is made under a fraudulent contract before bringing an action for rescission. Equity requires this court to rule that the attorney's fees incurred in the state court litigation are non-dischargeable.

102 B.R. at 785.

- 9 -

Similar considerations pertain here. At the time the Debtor's bankruptcy case was commenced, the Plaintiffs in this adversary proceeding were prosecuting a malicious prosecution action against the Debtor in state court. In that action, they allege that the Debtor's prosecution of the underlying sexual harassment claims was willful and malicious, and resulted directly in damages in the form of the attorney's fees and costs the Plaintiffs expended in defending themselves, as embodied in the attorney's fee award. If the Plaintiffs are successful in that action (and if the court's findings and conclusions are sufficient), or if they succeed in this adversary proceeding in proving that the Debtor's conduct was willful and malicious within the meaning of section 523(a)(6), the attorney's fee award will be nondischargeable.

The Debtor points out that the only jury award for the Plaintiffs in the original state court action was on their trespass to chattels claim, on which the jury specifically found that the Debtor had not acted with malice or oppression. The Debtor also notes that the state court entered no judgment against the Debtor for an intentional tort. However, it remains to be seen whether the Debtor committed an intentional tort in prosecuting the sexual harassment claims. If she did, the attorney's fee award would be nondischargeable, because it was a direct result of that conduct.

The Debtor also argues that the trial judge's findings in his order awarding the attorney's fees were merely *dicta*, and therefore, are not binding on this court. Assuming for the sake of this decision only that this is accurate, it remains to be

seen whether this court or the state court will determine that the Debtor's conduct in prosecuting the sexual harassment claims was willful and malicious.

Finally, the Debtor contends that certain remarks made by the Plaintiffs in their state court appeal brief are an admission that the attorney's fee award was compensatory, and "not a penalty and not akin to punitive damages." Debtor's memorandum of points and authorities, at 9:15-17. Again, this misses the mark. For purposes of section 523(a)(6), the question is not whether an award is compensatory or punitive, but whether it flows directly from willful and malicious conduct. Indeed, damage awards for willful and malicious injury are almost invariably compensatory in nature, with punitive damages awarded in certain circumstances. The absence of a punitive damage award does not render compensatory damages dischargeable. See, e.g., Carillo v. Su (In re Su), 290 F.3d 1140 (9th Cir. 2002) [remanding for consideration of malice issue; state court judgment included $130,000 in economic damages and $400,000 in non-economic damages, but no punitive damages].

For these reasons, the court concludes that the attorney's fee award is a direct result of the Debtor's conduct in prosecuting the sexual harassment claims. Whether that conduct was willful and malicious, within the meaning of 11 U.S.C. § 523(a)(6), remains to be seen.

B. The § 727(a) causes of action

1. The third cause of action

In the third cause of action of the Complaint, the Plaintiffs contend that the Debtor failed to keep or preserve the

following records from which her financial circumstances might be ascertained: records relating to (1) her debt to the law firm of Brayton Purcell, (2) her possible causes of action against Brayton Purcell for malpractice, and (3) "the pursuit of the malicious prosecution action against Brayton Purcell and Clayton Kent." Complaint, at 5:23-25.

The Debtor addresses only the first of these points in her Motion, and on that point, the court concludes that there are genuine issues of material fact remaining to be decided. First, the Debtor testifies in her supporting declaration that she "never received any billings, demands or requests for payment from Brayton Purcell;" she argues, in essence, that she could not keep or preserve what she did not receive. Her deposition testimony was far more equivocal on this point.

> Q. What efforts did you make to ascertain whether or not you had such documents?
> A. First of all, I don't recall ever having any so, you know, not knowing if I ever had any to begin with, I didn't really know how to go around looking for something I never even knew if I had in the first place.

Plaintiffs' Exhibit N in support of their opposition to the Motion, at 4 (page 13 of the deposition transcript).

Second, the Debtor has submitted a declaration of her attorney, Thomas P. Griffin, Jr., in which he states that an attorney at Brayton Purcell told him the firm does not have any documents responsive to the Plaintiffs' subpoena for these

/ / /
/ / /

- 12 -

records, except a retainer agreement.[3] Assuming this hearsay statement is admissible, it does not support the conclusion that there are no genuine issues of material fact with respect to the Debtor's alleged failure to keep or preserve appropriate records.

### 2. The fourth cause of action

In their fourth cause of action, the Plaintiffs complain that the Debtor, with intent to hinder, delay, or defraud creditors, concealed property of the Debtor within the year before the date of filing of her bankruptcy petition. Specifically, the Debtor is alleged to have "intentionally conspired to provide services to her employer for a salary which was substantially less than the value of those services." Complaint, at 6:7-9.

The Debtor argues simply that she has disclosed all of her income, and that her version of the circumstances as to the changes in her income is the accurate one. In order to grant the Motion as to this point, the court would have to accept the Debtor's version of events as true, accept the inferences she draws therefrom, and reject the testimony of other witnesses and inferences that might be drawn from the documentary evidence. The same may be said of the Debtor's response to the Plaintiffs' argument that she has kept insufficient records of her expenses. In short, the arguments on both sides of these issues reveal that

/ / /

---

3. The Debtor characterizes this as a statement that "Brayton Purcell, LLP never sent a billing statement, demand or request for payment to the Debtor." Debtor's memorandum of points and authorities, at 11:11-17, 11:21-22. Counsel's declaration does not show that such records were never sent to the Debtor, only that Brayton Purcell claims it does not have such records.

- 13 -

there are a host of genuine issues of material fact remaining to be decided.

Finally, the Debtor contends the issues raised in the Plaintiffs' fourth cause of action are also the subject of pending state court litigation, and therefore, that this court should abstain from deciding them. The pending litigation is an action by the Plaintiffs against the Debtor and her husband and employer, Marc Hughes, to recover the value of fraudulent transfers allegedly made by the Debtor to Mr. Hughes in connection with alleged shifting of income and expenses. Assuming the automatic stay does not prevent the Plaintiffs from proceeding with the state court litigation, the difficulty with the Debtor's argument is that the remedies sought in the two actions are entirely different. In this adversary proceeding, the Plaintiffs seek to deny the Debtor's bankruptcy discharge, which is a matter within this court's exclusive jurisdiction. Accordingly, there is no basis for this court to abstain from determining whether the Debtor is entitled to a discharge.

### III. CONCLUSION

For the reasons set forth above, the court will issue an order denying the Motion.

Dated: July 10, 2007

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

**Certificate of Service**

1
2       I certify that on ____JUL 1 0 2007____ a copy of the **foregoing**
3  **document** was mailed to the following:

4
Amelia Pritchard
5  980 9th Street, #1600
Sacramento, CA 95814
6
Thomas Griffin Jr.
7  2150 River Plaza Dr., #450
Sacramento, CA 95833
8

9                                      FOR THE COURT
                                       RICHARD G. HELTZEL
10                                     CLERK, U.S. BANKRUPTCY COURT

11

12

13                                  By: _____[signature]_____
14                                           Deputy Clerk

15

- 15 -