Case 05-02225    Filed 08/24/07    Doc 126

FILED
AUG 2 4 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON THE WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MELANIE HUGHES,<br><br>        Debtor.<br><br>_____<br><br>CLAYEO C. ARNOLD and CLAYEO ARNOLD, PROFESSIONAL LAW CORPORATION,<br><br>        Plaintiffs,<br><br>v.<br><br>MELANIE HUGHES,<br><br>        Defendant.<br>_____ | Case No. 05-22777-D-7<br><br><br><br><br><br><br>Adv. Pro. No. 05-2225-D<br>Docket Control No. ARP-4 |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

<u>MEMORANDUM DECISION</u>

On May 22, 2007, Clayeo C. Arnold and Clayeo Arnold, Professional Law Corporation, filed a Motion for Partial Summary Judgment, bearing Docket Control No. ARP-4 (the "Motion").[1]  For

---

    1.  On the same date, Defendant Melanie Hughes filed a Motion for Summary Judgment. The court's decision on that motion was filed on July 10, 2007.

the reasons set forth below, the court will grant the Motion in part.

## I. INTRODUCTION

On March 14, 2005, Defendant Melanie Hughes (the "Debtor") filed a petition for relief under chapter 7 of the Bankruptcy Code. On June 14, 2005, Clayeo C. Arnold and Clayeo Arnold, Professional Law Corporation ("Plaintiffs"), filed a Complaint to Determine Dischargeability of Debts and for Denial of Discharge (the "Complaint"), thereby commencing the above-captioned adversary proceeding. The factual background of this matter and the allegations made in the Complaint are set forth generally in the court's memorandum decision on the Debtor's motion for summary judgment, filed July 10, 2007, and will not be repeated here. As in that decision, references herein to the state court action will be to <u>Rieger v. Arnold, et al.</u>, Sacramento County Superior Court Case No. 97AS03390, and "the attorney's fee award" will refer to the state court's award of attorney's fees and costs in favor of the Plaintiffs and against the Debtor.

With the Motion, the Plaintiffs filed a number of exhibits, a declaration of Clayeo C. Arnold, and as required by Local Bankruptcy Rule 7056-1(a), a separate statement of undisputed facts.

On June 6, 2007, the Debtor filed a memorandum of points and authorities in opposition to the Motion ("Opposition"), together with exhibits, a declaration of Melanie Hughes, a response to the Plaintiffs' statement of undisputed facts, and a statement of undisputed facts in support of the Opposition.

/ / /

On June 13, 2007, the Plaintiffs filed a reply to the Opposition.

On June 20, 2007, the Motion came before the court for hearing, counsel appeared and presented oral argument, and the matter was submitted.

In the Motion, the Plaintiffs seek an order determining that the attorney's fee award is not dischargeable, pursuant to 11 U.S.C. § 523(a)(6), and in addition, an order that any debt resulting from the Plaintiffs' malicious prosecution action presently pending in state court is nondischargeable. The Motion is denominated a motion for partial summary judgment, because it contains no request for relief with respect to the Plaintiffs' third and fourth causes of action.

The Plaintiffs rely on the following findings by the trial judge set forth in the attorney's fee award. (References to Rieger are to the Debtor, whose name at the time was Melanie Rieger.)

> Attorney's fees and costs are claimed by Arnold, [his law] corporation and Artenstein [the law corporation's office manager and another defendant in the Debtor's state court action] pursuant to Government Code section 12965 upon a contention that Rieger's claim was frivolous, unreasonable and without foundation. That is the most benign assessment that can be made of Rieger's claim. It was also brought in bad faith and with the claimant's declared objective "to bring Clay down". It was initiated and prosecuted by the claimant with full knowledge that she was the initiator of and eager participant in, almost all of the sex-oriented horseplay and other gender focused activity that occurred in her workplace or in the company of her co-workers. She knew, from the outset of the litigation, that there was no reasonable basis upon which a claim could be made that she was offended by any of that activity. Her claim was so patently groundless from the outset that it has been obvious throughout the litigation that her motivation was a malicious desire to harm Arnold. Arnold, corporation and Artenstein are

- 3 -

      entitled to attorney's fees and costs pursuant to
Government Code section 12965.

Order Disposing of Motions Related to Costs and Attorney's Fees, Plaintiffs' Exhibits filed May 22, 2007, Ex. J, 2-3.

      The gist of the Plaintiffs' argument is that the doctrine of collateral estoppel, now known as issue preclusion, applies to make the state court's findings, quoted above, binding on this court in this adversary proceeding, and that as a result of those findings, this court must find the attorney's fee award to be nondischargeable, pursuant to 11 U.S.C. § 523(a)(6).

      The Debtor responds that the state court's findings do not meet the requirements for application of issue preclusion. The Debtor's several arguments will be explored below.

## II. ANALYSIS

      This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Motion was brought pursuant to Federal Rule of Bankruptcy Procedure 7056, which makes applicable Federal Rule of Civil Procedure 56.

A. Standards for Summary Judgment

      Where a motion for summary judgment is before the court, the court is to render judgment for the moving party where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. The moving party bears the burden of producing evidence showing that there is no genuine issue of material fact

and that it is entitled to judgment as a matter of law. Celotex v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986).

Once the moving party has met its initial burden, the non-moving party must show specific facts showing the existence of genuine issues of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). Under Rule 56, the court also has authority to make an order specifying those material facts that appear without substantial controversy, and such facts are deemed established for purposes of trial. Fed. R. Civ. P. 56(d).

B. Willful and Malicious Injury

The Bankruptcy Code excepts from discharge a debt for willful and malicious injury by the debtor to the person or property of another. 11 U.S.C. § 523(a)(6). The "willful" and "malicious" requirements are examined separately. Carrillo v. Su (In re Su), 290 F.3d 1140, 1146 (9th Cir. 2002). The "willful" requirement is satisfied "only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." 290 F.3d at 1142. The "malicious" test is met when the act is "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1209 (9th Cir. 2001). "[I]t is the wrongful act that must be committed intentionally rather than the injury itself." Jett v. Sicroff (In re Sicroff), 401 F.3d 1101, 1106 (9th Cir. 2005), citing Murray v. Bammer (In re Bammer), 131 F.3d 788, 791 (9th Cir. 1997) ("This four-part definition does not require a showing of …

. an intent to injure, but rather it requires only an intentional act which causes injury.").

In order to find for the Plaintiffs on this summary judgment motion, the court must be satisfied that both these tests are met by the state court's findings quoted above, and that this court should rely on those findings as preclusive in this proceeding.

C. Issue Preclusion

The doctrine of issue preclusion applies in dischargeability proceedings under 11 U.S.C. § 523(a). Grogan v. Garner, 498 U.S. 279, 284 n. 11, 111 S. Ct. 654 (1991). Simply stated, "[i]f a state court would give preclusive effect to a judgment rendered by courts of that state, then the Full Faith and Credit Statute (28 U.S.C. § 1738) imports the same consequence to an action in federal court based on the same award." Khaligh v. Hadaegh (In re Khaligh), 338 B.R. 817, 824 (9th Cir. BAP 2006), citing McDonald v. City of W. Branch, 466 U.S. 284, 287, 104 S. Ct. 1799,(1984); Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001).

In other words, in considering whether to give preclusive effect to a state court's judgment, the bankruptcy court looks to that state's law of issue preclusion. Diamond v. Kolcum (In re Diamond), 285 F.3d 822, 826 (9th Cir. 2002), citing Gayden v. Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995). Under California law, the elements of the doctrine are these:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally,

```
the party against whom preclusion is sought must be the
same as, or in privity with, the party in the former
proceeding. . . .

Even assuming all the threshold requirements are
satisfied, however, our analysis is not at an end.  We
have repeatedly looked to the public policies
underlying the doctrine before concluding that
collateral estoppel should be applied in a particular
setting. . . .    Accordingly, the public policies
underlying collateral estoppel - preservation of the
integrity of the judicial system, promotion of judicial
economy, and protection of litigants from harassment by
vexatious litigation - strongly influence whether its
application in a particular circumstance would be fair
to the parties and constitutes sound judicial policy.
```

Lucido v. Superior Ct., 51 Cal. 3d 335, 341-43 (1990).

D. Summary Judgment as to the Attorney's Fee Award

The Plaintiffs rely principally on Nolan v. Smith (In re Smith), 321 B.R. 542 (Bankr. D. Colo. 2005).  In Nolan, the state court had awarded the plaintiffs their attorney's fees and costs under a Colorado statute similar to California Government Code section 12965(b).  The debtors argued, as does the Debtor here, that the state court made no findings of an intentional, willful and malicious act, as required by 11 U.S.C. § 523(a)(6).  The bankruptcy court disagreed, concluding instead that the state court's findings "adequately demonstrate that the Smiths' underlying conduct and their conduct in defending the State Court action was meritless, intentional and willful."  321 B.R. at 548 n.9.

The Debtor argues that Smith is distinguishable from this case.  First, in Smith, the state court made findings that the debtors' conduct giving rise to the state court action was "intentional, willful, concerted and, in the end, indefensible" (see 321 B.R. at 549).  Second, the Smith debtors admitted in the

1  bankruptcy court that such conduct constituted a willful and
2  malicious injury.  See 321 B.R. at 547.  By contrast, the Debtor
3  in this case vehemently denies that any of her conduct, either
4  giving rise to or during the pendency of the state court action,
5  was willful or malicious.  And the state court made no findings
6  that her conduct giving rise to the state court action was
7  willful and malicious.  Thus, Smith is not on point.

   However, here, the state court did find that the Debtor's
9  conduct in filing and prosecuting the state court action was "in
10 bad faith and with the [Debtor's] declared objective 'to bring
11 Clay [Arnold] down,'" and that she knew from the outset that
12 "there was no reasonable basis" for her claim.  "Her claim was so
13 patently groundless from the outset that it has been obvious
14 throughout the litigation that her motivation was a malicious
15 desire to harm Arnold."

16    The question is whether this court should apply the doctrine
17 of issue preclusion to these findings.  The Debtor argues against
18 issue preclusion, contending that (1) the issue of willful and
19 malicious conduct on her part was not actually litigated in the
20 state court, (2) the court's findings were dicta, did not amount
21 to express findings, and are not determinative for purposes of 11
22 U.S.C. § 523(a)(6), and (3) the Debtor's conduct could not have
23 been willful and malicious because her causes of action survived
24 a motion for nonsuit, and indeed resulted in a $15,000 jury
25 verdict in her favor, because the jury made a specific finding
26 that she had not acted with malice or oppression, and because the
27 California Department of Fair Employment and Housing "authorized"
28 her action.

- 8 -

On the first point, the Debtor observes that the Plaintiffs' state court complaint against her (which was consolidated with her action against the Plaintiffs for purposes of trial) originally contained causes of action for wrongful intentional conduct, but all those causes of action were dismissed prior to trial. The only causes of action of the Plaintiffs remaining at the time of trial were for trespass to chattels and breach of contract. Thus, the Debtor concludes, "there was no remaining claim for willful or malicious conduct [by] the Debtor." Opposition at 8.

This argument is a red herring. It does not matter that the Plaintiffs' causes of action against the Debtor for intentional torts were dismissed, because the conduct giving rise to the attorney's fee award was the Debtor's conduct in filing and prosecuting her own causes of action against the Plaintiffs.

The Debtor's argument that the jury specifically found she had not acted with malice or oppression is similarly misplaced. The jury's finding in that regard was in connection with the Debtor's conduct in interfering with the Plaintiffs' computer database (the trespass to chattels cause of action). Verdict, Debtor's Exhibits filed May 22, 2007, Ex. D, 7-8. It had nothing to do with the state court's findings, quoted above, which pertain to her conduct in prosecuting her own causes of action.

This is the crux of the Debtor's argument--that "there is no underlying tort to which the [attorney's fee] award may attach and become nondischargeable." Opposition at 8:8-10. The argument fails because, as this court concluded in its decision on the Debtor's motion for summary judgment, Docket Control No.

HSM-2, the attorney's fee award was a direct result of the Debtor's conduct in filing and prosecuting her sexual harassment causes of action against the Plaintiffs. The award was not "ancillary" to any other state court award; instead, it was in the nature of a primary debt, resulting directly from the Debtor's decision to file and prosecute her sexual harassment claims. If that conduct was willful and malicious, within the meaning of 11 U.S.C. § 523(a)(6), the award will be nondischargeable.

The Debtor next contends that the language in the attorney's fee order went beyond the findings necessary to justify the award, and therefore, constituted non-binding dicta. According to the Debtor, the state court need only have found that her conduct in prosecuting the sexual harassment claims was frivolous, unreasonable, or without merit. Debtor's Memorandum of Points and Authorities in Support of Motion for Summary Judgment, filed May 22, 2007, at 8:16-18. Thus, the court's remarks about the Debtor's intention "to bring Clay down," and her "malicious desire to harm Arnold" were nothing more than unnecessary observations.

In <u>Muegler v. Bening</u>, 413 F.3d 980 (9th Cir. 2005), the court rejected a debtor's argument that a state court jury verdict should not be given issue preclusive effect because applicable state law permitted a finding based upon a lower standard than that required by section 523(a)(6). The court acknowledged that state law allowed a lower standard, but looked to the actual findings, and concluded that issue preclusion applied. 413 F.3d at 984.

> Although Missouri law allows a jury to find guilt based upon a lower standard than that required by § 523(a)(6), in this case the Missouri jury instructions regarding culpability clearly required a finding that [the debtor] intended his misrepresentations to harm the Creditors. The jury found that [the debtor] willfully committed fraud, and awarded compensatory damages to the Creditors based upon its finding.

Id.

This court reaches a similar conclusion. In order to award fees to a prevailing defendant under Government Code section 12965(b), a court must make findings that the Debtor's conduct in prosecuting the action was unreasonable, frivolous, meritless, or vexatious. Cummings v. Benco Building Services, 11 Cal. App. 4th 1383, 1387 (1992), citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694 (1978). The court need not find that the action was brought in bad faith. Cummings, 11 Cal. App. 4th at 1387. However, a section 12965(b) award _may_ be based on a finding of the plaintiff's bad faith. Bond v. Pulsar Video Prods., 50 Cal. App. 4th 918, 924-925 (1996). "'[N]eedless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an _even stronger basis for charging him with the attorney's fees incurred by the defense._'" Bond, 50 Cal. App. 4th at 925, quoting Christiansburg Garment Co., 434 U.S. at 422 (emphasis added).

In Saret-Cook v. Gilbert, Kelly, Crowley & Jennett, 74 Cal. App. 4th 1211 (1999), the appellate court examined findings similar to those made in this case; namely, that the plaintiff's "actions and tactics in filing and prosecuting this lawsuit were done with subjective bad faith," and that "Plaintiff's motive in filing and prosecuting this lawsuit was to harass Defendants . . . ." 74 Cal. App. 4th at 1229. In affirming the fee award, the

appellate court concluded that these findings "amounted to much more than only a finding that [the plaintiff's] action lacked merit. Fairly read, [they] also constituted a finding that [the plaintiff's] action was 'unreasonable,' was 'frivolous,' and was 'vexatious.'" Id. at 1229-30.

Similarly, in this case, the state court's findings concerning the Debtor's motivation in bringing and pursuing her action constitute findings that her actions were unreasonable, frivolous, and vexatious. They also constitute a finding that her conduct was in bad faith. Without those findings, the order could not stand, and indeed, would not have withstood the Debtor's appeal. This court will not engage in a parsing of the critical paragraph in the order, selecting as essential to the award only those words and phrases that support a more benign "unreasonable" finding, and omitting as dicta those that support a finding of bad faith. Instead, the court concludes that the state court's findings, as quoted above, were necessary to its award of fees and costs.

The Debtor makes several other arguments. First, as support for her conclusion that her prosecution of the state court action could not have been willful and malicious, the Debtor notes that (1) her sexual harassment, wrongful termination, and assault and battery causes of action survived a motion for nonsuit in the state court, (2) the jury rendered a verdict in her favor for $15,000, and (3) she did not file her complaint until she had received "the appropriate authorization letters from the California Department of Fair Employment and Housing." Opposition at 5:22-26.

The courts have rejected a bright-line rule that a plaintiff whose claims survive a motion for summary judgment or motion for nonsuit cannot be liable for fees under section 12965(b). Rosenman v. Christensen, 91 Cal. App. 4th 859, 866 (2001); Bond v. Pulsar Video Prods., supra, 50 Cal. App. 4th at 923.

> Such a rule would unjustifiably shield those plaintiffs who are able to raise a triable issue of fact, even though it be by means of fabricated evidence and false testimony. If the false and unfounded nature of such a plaintiff's claims is revealed at trial, the prevailing defendant should be able to recoup its attorney fees to the extent the plaintiff is able to pay.

Rosenman, supra, 91 Cal. App. 4th at 866.

"Declarations sufficient to create a triable issue in a summary judgment proceeding may, in the crucible of a trial, be revealed to be spurious and the litigant's claim frivolous, unreasonable and without foundation." Bond, supra, 50 Cal. App. 4th at 923. Similarly, the Debtor's claims may well have been pursued with the willful and malicious intent to cause injury to the Plaintiffs, despite the fact that those claims survived a motion for nonsuit.

The court reaches the same conclusion with respect to the jury's $15,000 verdict in favor of the Debtor. The jury found for the Debtor on her claim that the law corporation failed to take steps to protect her from hostile environment harassment. However, it also found against the Debtor on her claim for hostile environment harassment itself. Verdict, Debtor's Exhibits filed May 22, 2007, Ex. D, 1, 3. The state court held as follows: "Since there exists no independent cause of action for failure to protect against hostile environment harassment, the findings favoring the plaintiff [the Debtor herein] upon

that claim cannot be supported and a judgment favoring the defendants, notwithstanding the verdict, is required." Order for Judgment Notwithstanding the Verdict, Plaintiffs' Exhibits filed May 22, 2007, Ex. C.

Finally, the "right-to-sue" notice issued by the Department of Fair Employment and Housing pursuant to Government Code section 12965(b) is a prerequisite to the filing of a civil action such as the Debtor's. The issuance of the notice reflects the Department's decision not to issue its own accusation against the employer, at least not within the first 150 days from the filing of the complaint with the Department, and is in no way an endorsement of the Debtor's action.

Each of these arguments either was or could have been raised in the Debtor's appeal from the state court judgment and attorney's fee order. The appellate court affirmed both in a ruling that is now final; its analysis of the Debtor's arguments regarding the fee order appears at pages 29-33 of the ruling. Decision of the Third District Court of Appeals in <u>Rieger v. Arnold, et al.</u>, Case Nos. C034625, C035383, Debtor's Exhibits filed June 6, 2007, Ex. 14. Under the doctrine of issue preclusion, the Debtor is precluded from raising these issues yet again in this court. The Debtor's references in her Opposition to certain evidence admitted at trial after her motions in limine were denied, and her references to the trial court's and appellate court's findings concerning the working environment at the law corporation's office, all having been addressed by both state courts, are also subject to issue preclusion in this proceeding.

The court notes that under both federal and California law, the decision to apply issue preclusion to findings of another court is discretionary. See Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez), 2007 Bankr. LEXIS 1250, at *16-*19 (9th Cir. BAP 2007). In particular, in evaluating a California order, the court is to consider "whether imposition of issue preclusion in the particular setting would be fair and consistent with sound public policy." In re Khaligh, supra, 338 B.R. at 824-25, citing Lucido, supra, 51 Cal. 3d at 341-43.

The court has considered various possible countervailing factors, as suggested in the case law (see Lopez, supra, 2007 Bankr. LEXIS 1250, at *16-*19), and in the Restatement (Second) of Judgments §§ 28(2), (3) & (5), and concludes that applying issue preclusion to the attorney's fee award does not offend notions of fairness or sound public policy. The Debtor has pointed out that the Plaintiffs, in their motion for an award of fees and costs, argued that the Debtor's conduct was unreasonable, frivolous, and without merit; they did not specifically request a finding that such conduct was malicious or in bad faith. See Memorandum of Points and Authorities in Support of Defendants' Joint Motion for Attorneys' Fees and Costs, Plaintiffs' Exhibits filed May 22, 2007, Ex. E. This argument is not persuasive. The issue of a responding party's good faith or lack thereof is squarely in play when a court addresses a motion for an award of fees under Government Code section 12965(b); a court's finding that the respondent's conduct was not in good faith merely underscores the appropriateness of the resulting award. Here, the issue of the

Debtor's good or bad faith was in play, and the state court's findings were a necessary component of its determination of bad faith.

Further, the Debtor appealed from the order, and had a full and fair opportunity to challenge the findings that are at issue here.  Issue preclusion "bars relitigation of an issue previously decided if the party against whom the prior decision is asserted had 'a full and fair opportunity to litigate that issue in the earlier case.'"  Albarran v. New Form, Inc. (In re Albarran), 347 B.R. 369, 385 n. 15 (9th Cir. BAP 2006), quoting Allen v. McCurry, 449 U.S. 90, 94-95, 101 S. Ct. 411 (1980).

In sum, the court finds that the six tests for issue preclusive effect of California judgments--(1) identical issue, (2) actually litigated, (3) necessarily decided, (4) in a decision final and on the merits, (5) between the same parties, and (6) application of the doctrine fair and consistent with sound public policy--are met in this case with respect to the attorney's fee order.

E. Summary Judgment as to the Malicious Prosecution Action

In a action commenced October 17, 2003 in the Sacramento County Superior Court, Case No. 03AS05820, the Plaintiffs seek damages for malicious prosecution against the Debtor and the attorneys who represented her in the state court action.  The complaint appears in the Plaintiffs' Exhibits filed May 22, 2007, Ex. L.  The damages sought include the attorney's fees and costs the Plaintiffs incurred in defending against the Debtor's claims, damages for lost earnings, damages for injury to their

/ / /

reputations, social standing, and character, damages for emotional distress, and punitive damages.

In the Motion, the Plaintiffs seek "an order determining that any debt resulting from the malicious prosecution litigation" is nondischargeable. Motion at 9. No such relief was prayed for in Plaintiffs' complaint; indeed, the malicious prosecution action was not even mentioned. For this reason, the court will deny the Plaintiffs' request for an order determining that any debt resulting from that action is nondischargeable.

### III. CONCLUSION

For the foregoing reasons, the court concludes that the findings of the state court supporting the attorney's fee award are entitled to preclusive effect in this proceeding, that such findings support a conclusion that the attorney's fee award is nondischargeable under 11 U.S.C. § 523(a)(6), and that as a result, there is no genuine issue of material fact remaining to be decided at trial.

For the reasons set forth above, the court will issue an order granting the Motion as to the attorney's fee award and denying the motion as to any other debts that may arise out of the malicious prosecution action.

Dated: August 24, 2007

ROBERT S. BARDWIL
United States Bankruptcy Judge

<u>**Certificate of Service**</u>

I certify that on AUG 2 3 2007 a copy of the **foregoing document** was mailed to the following:

Amelia Pritchard
3017 Douglas Blvd., #300
Roseville, CA 95661

Jean Cain
6930 Los Olivos Way
Sacramento, CA 95608

Thomas Griffin Jr.
2150 River Plaza Dr., #450
Sacramento, CA 95833

```
                                FOR THE COURT
                                RICHARD G. HELTZEL
                                CLERK, U.S. BANKRUPTCY COURT


                                By: _____
                                       Deputy Clerk
```