FILED
MAR - 3 2008
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>MELANIE HUGHES,<br><br>Debtor. | Case No. 05-22777-D-7 |
| CLAYEO C. ARNOLD and CLAYEO ARNOLD, PROFESSIONAL LAW CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MELANIE HUGHES,<br><br>Defendant. | Adv. Pro. No. 05-2225-D<br><br>DC Nos. ARP-4, ARP-6<br><br>Date: February 27, 2008<br>Time: 10:00 a.m.<br>Dept: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM DECISION**

On October 3, 2007, Clayeo C. Arnold and Clayeo Arnold, Professional Law Corporation ("Plaintiffs") filed a Motion for Relief from the Automatic Stay, bearing Docket Control No. ARP-5 ("the Motion"). The Motion was filed in the above-captioned parent bankruptcy case, Case No. 05-22777-D-7. On November 14, 2007, Melanie Hughes ("Defendant"), as the debtor in the bankruptcy case, filed opposition to the Motion ("the Opposition"). For the reasons set forth below, the court will

deny the Motion as moot, and will do so by way of an order in the parent bankruptcy case. In addition, the court will construe the Opposition as a counter-motion for certification of a final judgment in Arnold v. Hughes, Adversary Proceeding No. 05-2225-D ("the adversary proceeding"), and will grant the counter-motion.[1]

## I. INTRODUCTION

On March 14, 2005, the Defendant filed a petition for relief under chapter 7 of the Bankruptcy Code, thereby commencing this bankruptcy case. On June 14, 2005, the Plaintiffs filed a Complaint to Determine Dischargeability of Debts and for Denial of Discharge, thereby commencing the adversary proceeding. The factual background of this matter is set forth generally in the court's memorandum decision on the Plaintiffs' motion for summary judgment in the adversary proceeding, filed August 24, 2007, and will not be repeated here. As in that decision, references herein to the state court action will be to Rieger v. Arnold, et al., Sacramento County Superior Court Case No. 97AS03390, and "the attorney's fee award" will refer to the state court's award of attorney's fees and costs in favor of the Plaintiffs and against the Defendant.

On October 3, 2007, the Plaintiffs filed the Motion, together with a declaration of Clayeo Arnold, and as required by Local Bankruptcy Rule 4001-1(c), a Relief from Stay Information Sheet. On November 14, 2007, the Defendant filed the Opposition,

---

1. As the Motion was filed in the parent case, and the Defendant seeks certification of a final judgment in the related adversary proceeding, this memorandum will be filed under Docket Control No. ARP-5 in the parent case and under Docket Control Nos. ARP-4 and ARP-6 in the adversary proceeding.

together with exhibits and her declaration. On November 21, 2007, the Plaintiffs filed a reply to the Opposition. On January 22, 2008, the Defendant filed a supplemental opposition to the Motion. The Motion was argued on February 13, 2008, Amelia Pritchard appearing for the Plaintiffs, and the Defendant appearing on her own behalf. The court continued the hearing for further briefing, and the parties filed supplemental briefs on February 19, 2008.

On February 27, 2008, the Motion came on for final hearing, Amelia Pritchard appearing for the Plaintiffs, and the Defendant appearing on her own behalf. The court advised the parties of its tentative decision to certify a final judgment in the adversary proceeding, as discussed below, and heard additional remarks from both parties.

In the Motion, the Plaintiffs seek an order determining that the automatic stay of 11 U.S.C. § 362(a) was lifted upon entry of this court's August 24, 2007 order granting the Plaintiffs' motion for partial summary judgment in the adversary proceeding ("the Partial Summary Judgment Order"), or alternatively, lifting the stay to permit them to exercise their rights under applicable state law.

The Defendant responds that no judgment of nondischargeability has been entered, and that the Plaintiffs have failed to establish that either claim preclusion or issue preclusion applies to the issue of nondischargeability, for purposes of the

/ / /

/ / /

/ / /

Motion.[2] The court construes the Opposition as a counter-motion for certification of a judgment under Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"), made applicable to the Motion and in the adversary proceeding by Federal Rules of Bankruptcy Procedure 9014(c) and 7054(a). The court notes that a court may also issue a Rule 54(b) certification sua sponte. 10 MOORE'S FEDERAL PRACTICE, § 54.21[1][a] (Matthew Bender 3d ed.) ("MOORE'S").

II. ANALYSIS

This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(G) and (i).

A. Procedural Background

A brief history of the adversary proceeding is necessary. As indicated above, the Plaintiffs filed their complaint on June 14, 2005. In their first two causes of action, the Plaintiffs sought a determination that the attorney's fee award is nondischargeable under 11 U.S.C. § 523(a)(6) as a willful and malicious injury. In their third and fourth causes of action, the Plaintiffs sought to deny the Defendant's discharge, pursuant to 11 U.S.C. § 727(a), for failure to keep adequate records and for concealing property with the intent to hinder, delay, or defraud creditors.

The Defendant answered the complaint on September 9, 2005.

/ / /

---

2. The Defendant also argued that this court had no jurisdiction to resolve the Motion, due to her then pending district court appeal. That issue has now been resolved by the district court's dismissal of the appeal, which is further discussed below.

On May 22, 2007, the parties filed cross-motions for summary judgment. The Plaintiffs' motion was actually a motion for partial summary judgment, because it pertained only to the causes of action to determine the attorney's fee award to be nondischargeable under § 523(a)(6), and did not address the § 727 causes of action. Following briefing and oral argument, the court denied the Defendant's motion for summary judgment, and granted the Plaintiffs' motion in part. Specifically, the court granted the motion to the extent that it sought to determine the attorney's fee award to be nondischargeable.[3]

Thus, on August 24, 2007, by way of the Partial Summary Judgment Order, the attorney's fee award was declared nondischargeable. The court deferred a determination of the amounts due under the attorney's fee award pending a subsequent motion.

On September 4, 2007, the Defendant filed a Notice of Appeal from the Partial Summary Judgment Order and a statement of election to have the appeal heard by the district court.

In the absence of a Rule 54(b) certification,

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims or all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Thus, the Partial Summary Judgment Order, because it did not address the Plaintiffs' § 727(a) causes of action, adjudicated

---

3. The court denied that portion of the motion seeking a determination of nondischargeability as to other alleged debts.

fewer than all the claims in the adversary proceeding, and was therefore not final. As a result, the district court granted the Plaintiffs' motion to dismiss the Defendant's appeal.[4]

In the meantime, on October 3, 2007, the Plaintiffs had filed a motion in the adversary proceeding to determine the amounts owed by the Defendant on the nondischargeable attorney's fee award. The motion was briefed and argued, and the court stated its findings and conclusions on the record at a hearing on February 13, 2008. The court issued a minute order on February 19, 2008 ("Order Determining Amounts"), determining that the amounts owed on the award were $122,702.37 to Clayeo C. Arnold and $190,237.01 to Clayeo Arnold, Professional Law Corporation.

B. Rule 54(b) Certification

In the Motion, the Plaintiffs complain that they have been unable to collect on the attorney's fee award. They "wish to execute on Debtor's post petition wages," and argue that "the court's order of August 24, 2007 [the Partial Summary Judgment Order] operates as a de facto lift of the automatic stay."[5] The Defendant argues in response that the Partial Summary Judgment Order "is just that, an order. It is not a final judgment."[6] The Defendant is correct.

In effect, both parties want finality to the order; the Plaintiffs so they can execute, and the Defendant so she can

---

4. Order Granting Appellees' Motion to Dismiss Appeal, filed January 30, 2008, Hughes v. Arnold, Case No. CV 07-01841 LEW, U.S. District Court for the Eastern District of California.

5. The Motion, 4:1-3.

6. The Opposition, 8:27-9:1.

appeal. The goal of finality can be accomplished by certification pursuant to Rule 54(b), which provides:

> When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

The court is required to make an express determination that there is no just reason for delay and to expressly direct the entry of judgment. MOORE'S, § 54.21[3]. The court is to make the determination in light of the policy of "prevent[ing] piecemeal appeals in cases which should be reviewed only as single units." Id., quoting Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 10 (1980). Further, an order may not be certified under Rule 54(b) unless it finally disposes of the claims adjudicated in the order. MOORE'S, § 54.22[2][a].

Taking these requirements in reverse order, the court finds that the Partial Summary Judgment Order, as supplemented by the Order Determining Amounts, completely disposes of the first and second causes of action of the Plaintiffs' complaint. Nothing remains to be adjudicated in connection with those causes of action.

Next, certifying the Partial Summary Judgment Order as final will not offend the policy of preventing piecemeal appeals, because the causes of action adjudicated in the order, the Plaintiffs' first and second causes of action, are factually and legally distinct from their third and fourth causes of action. The first and second causes of action depend on facts that are

starkly different from those alleged in the third and fourth causes of action. The first and second causes of action seek a different form of relief -- a determination that specific debts are not dischargeable -- from the relief sought in the third and fourth causes of action -- denial of the Defendant's discharge as a whole. The grounds for the different forms of relief are separate and distinct from each other. As a result, there is no possibility of duplicative appellate review. In other words, "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." See Curtiss-Wright Corp., 446 U.S. at 8.

Finally, the court finds no just reason for delay in entering a final judgment on the Partial Summary Judgment Order. In making this determination, the court is to consider whether a Rule 54(b) certification "will alleviate some hardship or injustice that would result from the delay in the entry of judgment." MOORE'S, § 54.23[1][b]. In this case, the court finds that delaying entry of judgment would unfairly delay the Plaintiffs' ability to recover on their claims against the Defendant, and would unfairly delay the Defendant's right to appellate review.

Accordingly, the court finds that there is no just reason for delay, and directs the entry of a judgment on the Partial Summary Judgment Order, as supplemented by the Order Determining Amounts.

C. The Motion for Relief from Stay

Upon entry of a final appealable judgment on the Partial Summary Judgment Order, as supplemented by the Order Determining

Amounts, the automatic stay will no longer operate to preclude execution on that judgment. "[T]he automatic stay provisions of Section 362 do not preclude the execution of a judgment, which has been held by the bankruptcy court to be non-dischargeable, upon property of the debtor which is not property of the estate." Watson v. City Nat'l Bank (In re Watson), 78 B.R. 232, 235 (9th Cir. BAP 1987); see also Arneson v. Farmers Ins. Exch. (In re Arneson), 282 B.R. 883, 892 (9th Cir. BAP 2002); Palm v. Klapperman (In re Cady), 266 B.R. 172, 180 (9th Cir. BAP 2001). The creditor does not need to seek relief from the stay.

The Plaintiffs have not indicated in their Motion any intention to seek to enforce the judgment against property of the Defendant's bankruptcy estate. Instead, they intend to pursue only property of the Defendant that is not property of the estate. Thus, pursuant to Watson and Cady, the Motion will be denied as moot, by separate order filed in the parent case.

III. CONCLUSION

For the reasons set forth above, the court will issue an order in the bankruptcy case denying the Motion as moot, will issue an order in the adversary proceeding granting the Defendant's counter-motion for certification of a final judgment, and will enter in the adversary proceeding a judgment on the Partial Summary Judgment Order, as supplemented by the Order Determining Amounts.

Dated: March 3, 2008

ROBERT S. BARDWIL
United States Bankruptcy Judge

**Certificate of Service**

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a true copy of the attached document was mailed today to the following entities listed at the address(es) shown below:

Office of the U.S. Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Amelia Pritchard
980 9th Street, #1600
Sacramento, CA 95814

Jean Cain
6930 Los Olivos Way
Sacramento, CA 95608

Melanie Hughes
2150 Capitol Avenue, #100
Sacramento, CA 95816

Thomas Griffin Jr.
2150 River Plaza Dr., #450
Sacramento, CA 95833

John R. Roberts
P.O. Box 1506
Placerville, CA 95667

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: ______________________
Deputy Clerk